LOTTINGER, Judge.
This is a suit by John W. Fisk, doing business as John W. Fisk Company, for an earned premium on an insurance policy covering the property of defendant, E. M. Rose. The lower Court rendered judgment in favor of defendant and petitioner has appealed.
The record .shows that the property of defendant was -first insured by petitioner in the year 1953 and was renewed each year thereafter until the year 1955, when the dispute between the parties occurred. Defendant paid for these policies in 1953 and 1954, although in 1954, he did not pay his premium until he had experienced a loss of some $7,000 which was paid by the company. The property insured was mortgaged to Port Barre Lumber Industries, Inc., and the mortgagee, which held the mortgage payable clause, was the party which had originally contacted petitioner about insuring defendant’s property.
• Prior to 1955, the annual premium for fire and extended coverage was in the amount of $1,340.25. Because of the loss sustained in 1954, the company increased the premium to the sum of $2,027.86. On May 20, 1955, the petitioner mailed the defendant a renewal policy together with an invoice for the increased amount. After numerous correspondence between petitioner, the mortgagee and the defendant, the policy was returned to petitioner for cancellation on September 17, 1955. The present suit is for the portion of the premium alleged to have been earned on the policy between May 20, 1955 and September 17, 1955. The defendant claimed that he never accepted the policy and that he therefore owes nothing. The lower Court gave judgment for defendant and dismissed petitioner’s suit. The only question presented is whether or not there was any actual contract of insurance between the defendant and the company which issued the policy. The petitioner testified that it was customary in the insurance business for the insurance agent to automatically renew his policy and to forward same to the assured. If the assured determined that he did not desire the insurance, he had a period of 20 days to return the policy for cancellation. This 20-day cancellation interval was printed in the contracted insurance. Cancellation: at any time during the stated interval would bear no premium, although the policy is in full effect until cancelled. There is no question but that, at least insofar as the insurance company is concerned the policy was in full force until cancelled on September 17, 1955, and had defendant sustained loss during said period, he certainly would have had a right to recover his said loss.
The defendant contends that nothing was said to him about the increased premium; that the policy was forwarded to him together with an invoice and a letter which in effect said that if he found anything wrong with the policy to advise the petitioner thereof. The defendant claims that shortly after having received the policy and the invoice, he took the matter up with his mortgagee and asked them to contact the petitioner about the increase in rate. The mortgagee wrote petitioner on June 9, 1955, about said increase, and petitioner contends that he had a conference, with the mortgagee and defendant shortly thereafter regarding same. Owing to the absence of petitioner from New Orleans, he did not write to the defendant until July 21, 1955, explaining the increase in rate. His letter, in addition to clarifying the increase in rate, advised defendant that if he was not satisfied therewith to return the policy for cancellation. The record shows’ that the defendant did not return the policy for cancellation until he had acquired insurance from another company. The lower Court in its oral reasons which are a part of a transcript stated *67 that there was no meeting of the minds which is an essential of a contract. We feel that there was a valid contract of insurance in effect.
Contracts might be accepted by implication, silence or inaction. LSA-Civil Code, Article 1811. It had been the custom for petitioner to renew the policy automatically and forward same to defendant each year. It was further the custom and practice of petitioner as a local insurance agent to pay the premiums to the insurer less commissions and to extend credit to insured for such premiums which was done in this case. Under these circumstances, when the policy was issued by the local agent and accepted by the insured, the policy became in full force and effect and the insured was indebted to the local agent for the premium due on the said policy. We believe that by his holding the policy and his failure to return same for cancellation was an act on defendant’s part which did constitute his acceptance by silence or inaction. Certainly had the defendant sustained a loss during the interval he could have collected for said loss had it been one that was covered under the policy. Although the lower Court denied this, it was shown that such occurred during the year 1954, when the defendant collected some $7,000 although he had not yet paid his premium. A contract of insurance issued under such circumstances is in full force and effect until cancelled either at the instance of the insurer or the assured, and, until cancelled, the assured has a right of action against the company for any loss sustained.
We feel that the custom in the trade is for the insurance agency to automatically renew their policy and send same to their assured. This practice, while it does benefit the business of the agencies, is a great value to the assureds, as otherwise they might delay or fail to take action to have their policy renewed, while, in fact they would have full intention of maintaining their insurance in full force and effect. We therefore feel that it was incumbent upon the defendant to immediately return the policy for cancellation if he was not satisfied. His failure to do so rendered him liable for the earned premium for the period during which the policy was in force.
For the reasons assigned, the judgment of the lower Court is reversed, and there is hereby entered judgment for petitioner and against defendant in the amount of $917.29, with legal interest thereon from date of judicial demand until paid and for all costs of this proceeding.
Judgment reversed.